IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | EP-13-CV-321-KC |
| RENE ARMIJO, INDIVIDUALLY, AND AS AN OFFICER, DIRECTOR, SHAREHOLDER, AND/OR PRINCIPAL OF FIGHTER PHYSIQUE, LLC, d/b/a FIGHTER PHYSIQUE; MANUEL GARCIA, INDIVIDUALLY, AND AS AN OFFICER, DIRECTOR, SHAREHOLDER, AND/OR PRINCIPAL OF FIGHTER PHYSIQUE, LLC, d/b/a FIGHTER PHYSIQUE; FIGHTER PHYSIQUE, L.L.C., d/b/a FIGHTER PHYSIQUE; | § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**ORDER**

On this day, the Court considered Plaintiff's Motion for Final Default Judgment and Supporting Brief (the "Motion"),[1] ECF No. 17, in the above-captioned case (the "Case"). The Court, having considered the Motion, the record, and applicable law, **GRANTS** the Motion in part.

I. **BACKGROUND**

Plaintiff filed the Case on October 14, 2013. *See* Compl., ECF No. 1. In its Complaint, Plaintiff alleges that it has the contractual right "to distribute the UFC 121: Lesnar v. Velasquez

---

[1] The Court refers to the pagination assigned to the Motion by the Court's electronic docketing system, rather than to the internal pagination assigned by Plaintiff.

1

Broadcast, including all undercard bouts and the entire television broadcast, scheduled for October 23, 2010" (the "Broadcast") "via closed circuit television and via encrypted satellite signal." *Id.* ¶ 15. Before a commercial entity may exhibit the Broadcast to its patrons, that entity must enter into a contractual relationship with Plaintiff. *See id.* ¶¶ 16, 18.

Defendant Fighter Physique, L.L.C. ("Fighter Physique") is a business entity located in El Paso, Texas. *See id.* ¶¶ 10-13. Defendants Rene Armijo ("Armijo") and Manuel Garcia ("Garcia") are officers, directors, shareholders, and/or principals of Fighter Physique. *See id.* ¶ 7. Armijo and Garcia exercise supervisory capacity and control over Fighter Physique and receive financial benefits from the business's operations. *See id.* ¶¶ 8-9.

Plaintiff alleges that Defendants, "with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, . . . unlawfully intercepted, received and/or de-scrambled said satellite signal, and did exhibit the Broadcast" to customers at Fighter Physique's business location "willfully and for purposes of direct or indirect commercial advantage or private financial gain." *Id.* ¶ 18. Specifically, Defendants allegedly "used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept" the Broadcast. *Id.* ¶ 19.

Plaintiff asserts that Defendants violated the Federal Communications Act ("FCA"), 47 U.S.C. §§ 553 and 605, by unlawfully and willfully intercepting and publishing the Broadcast. *See id.* ¶¶ 20-30. Plaintiff accordingly moves for damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii), an award of attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii), an award of costs and post-judgment interest, and other relief. *See* Mot. 14-25.

The Court issued summonses as to all Defendants on October 15, 2013. *See* ECF Nos. 3, 4, 5. Plaintiff served Garcia with process on November 27, 2013. *See* ECF No. 6. The Court

granted Plaintiff's motion to serve Armijo via substitute service, and Plaintiff effected service upon Armijo on December 12, 2013. *See* ECF Nos. 7, 8, 9. The Court denied Plaintiff's motion to effect substitute service on Fighter Physique. *See* ECF Nos. 10, 11. Plaintiff served Fighter Physique via the Texas Secretary of State on January 13, 2014. *See* ECF Nos. 12, 13.

None of the Defendants answered or otherwise responded to the Complaint by their respective deadlines. *See* ECF Nos. 6, 9, 12. The Clerk, on Plaintiff's motion entered a default against all Defendants pursuant to Federal Rule of Civil Procedure 55(a)(1) on February 21, 2014. ECF Nos. 14, 15. Plaintiff now moves for a default judgment against all Defendants. *See* Mot.

## II.     DISCUSSION

### A.     Standard

Federal Rule of Civil Procedure 55 provides that the clerk of the court shall enter a default against a party if that party fails to plead or otherwise defend, and the movant demonstrates that failure by affidavit or otherwise. *Joe Hand Promotions, Inc. v. On the Rocks Bar & Grill, LLC*, No. EP–11–CV–554–KC, 2012 WL 3129137, at *1 (W.D. Tex. July 30, 2012) (citing Fed. R. Civ. P. 55(a)). "After the clerk enters default, a party may move for a default judgment." *Id*. (citing Fed. R. Civ. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "A court enters default judgment only if there is 'a sufficient basis in the pleading for the judgment entered.'" *Id*. (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact" and "is concluded on those facts by the judgment." *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citations omitted). "When reviewing a motion for default judgment, a court takes the plaintiff's

well-pleaded factual allegations as true, but not damages." *On the Rocks*, 2012 WL 3129137, at *2 (citing *United States ex rel. M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).

"Rule 55(b) gives a court discretion to convene an evidentiary hearing on the issue of damages." *Id*. (citing Fed. R. Civ. P. 55(b)(2)(B)). "Generally, a court should hold an evidentiary hearing to ascertain the amount of damages." *Id*. (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). "However, a hearing is not necessary if 'the amount claimed is a liquidated sum or one capable of mathematical calculation.'" *Id*. (quoting *United Artists Corp.*, 605 F.2d at 857).

**B.    The FCA**

47 U.S.C. § 605 prohibits those not authorized by the sender from "intercept[ing] any radio communication and divulg[ing] or publish[ing] the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). The FCA affords a private right of action to "[a]ny person aggrieved by any violation of" 47 U.S.C. § 605(a). *Id*. § 605(e)(3)(A). "To state a claim for a § 605 violation, a plaintiff must allege the defendant 'intercepted or otherwise unlawfully appropriated [the plaintiff's] transmission.'" *On the Rocks*, 2012 WL 3129137, at *2 (quoting *DIRECTV Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2005)).

"In a § 605 claim, Plaintiffs may elect to collect as damages either their actual damages or statutory damages ranging from $1,000 to $10,000." *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)). "If the party elects statutory damages, the court uses its discretion to determine the specific amount of statutory damages." *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)). "The court also has discretion to increase the party's damages award by up to $100,000 per violation if the court

'finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.'" *Id*. (citing 47 U.S.C. § 605(e)(3)(C)(ii)). "Additionally, § 605 allows aggrieved parties who prevail in a private claim under § 605 to recover their full costs, including reasonable attorneys' fees." *Id*. (citing 47 U.S.C. § 605(e)(3)(B)(iii)).

### C. Plaintiff's Requested Damages

Defendants' failure to plead or otherwise defend constitutes a default, and the Clerk has entered a default against Defendants accordingly. *See* Fed. R. Civ. P. 55(a). This default serves as an admission of the facts in the Complaint, and those facts are sufficient to establish a violation of the FCA. *See* Compl. ¶¶ 1-17; *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (citations omitted). The only remaining question is what level of damages is appropriate. *See Shipco*, 814 F.2d at 1014; *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

As a threshold matter, the Court concludes that it need not hold a hearing to determine damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) because damages and attorneys' fees and costs are readily calculable from Plaintiff's affidavits. *See On the Rocks*, 2012 WL 3129137, at *2 (citing *United Artists Corp.*, 605 F.2d at 857).

The Court first calculates Plaintiff's statutory compensatory damages under § 605(e)(3)(C)(i)(II). As is the Court's usual practice, the Court determines these damages by trebling the amount it would have cost Defendants to lawfully show the Broadcast to their patrons. *See id*. at *3 (citing *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008)).

A commercial establishment wishing to legally exhibit the Broadcast to its patrons would be required to pay an event-licensing fee to Plaintiff based on the capacity of the establishment.

*See* Mot. Ex. B ¶ 7; Mot. Ex. B(2). Plaintiff has submitted evidence that Fighter Physique seats approximately 150 people. *See* Mot. Ex. B(3). A venue that seats between 101 and 150 people must pay a licensing rate of $1,200.00 to exhibit the Broadcast. *See* Mot. Ex. B(2). Thus, it would have cost Defendants $1,200.00 to display the Broadcast at Fighter Physique. Trebling this amount results in $3,600.00 of damages. Because this amount is within the range authorized by the FCA, the Court awards Plaintiff $3,600.00 in compensatory damages. *See On the Rocks*, 2012 WL 3129137, at *2 (citing 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II)).

Plaintiff is also entitled to statutory punitive damages under 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff's evidence establishes that it is unlikely Defendants accidentally or innocently intercepted the telecast of the Broadcast, because Defendants could not have inadvertently unscrambled the transmission. *See* Mot. Ex. B ¶ 9; *On the Rocks*, 2012 WL 3129137, at *3 (citing *Garcia*, 546 F. Supp. 2d at 385). Moreover, Defendants have admitted Plaintiff's willfulness allegations by default. *See* Compl. ¶¶ 18, 21, 26, 28; *On the Rocks*, 2012 WL 3129137, at *3 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Defendants have likewise defaulted on Plaintiff's allegations that they intercepted the transmission for their direct or indirect commercial advantage or private financial gain. *See* Compl. ¶¶ 9, 18, 26; *On the Rocks*, 2012 WL 3129137, at *3 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). As a result, the Court concludes that Defendants intercepted and displayed the broadcast of the Broadcast "willfully and for purposes of direct or indirect commercial advantage or private financial gain" within the meaning of 47 U.S.C. § 605(e)(3)(C)(ii). *See On the Rocks*, 2012 WL 3129137, at *3.

However, as this Court has ruled in previous cases, the Court concludes that the $50,000.00 in punitive damages that Plaintiff requests is greater than necessary to deter and punish Defendants for their willful conduct. *See id.* at *3 (citing *Garcia*, 546 F. Supp. 2d at 386).

The Court deems $3,600.00 – an amount equal to Plaintiff's compensatory damages – to be a sufficient punitive damages award pursuant to 47 U.S.C. § 605(e)(3)(C)(ii).

### D.  Plaintiff's Requested Fees, Costs, and Post-Judgment Interest

Plaintiff also requests attorneys' fees. *See* Mot. ¶ 19. 47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails" under the FCA. Granting attorneys' fees is therefore "mandatory." *On the Rocks*, 2012 WL 3129137, at *4 (citing 47 U.S.C. § 605(e)(3)(B)(iii); *J & J Sports Prod., Inc. v. Cotorra Cocina Mexicana & Bar LLC*, No 3:10-CV-597-CWR-LRA, 2012 WL 1098446, at *4 (S.D. Miss. Mar. 30, 2012); *Garcia*, 546 F. Supp. 2d at 386).

The Court finds Plaintiff's request for an attorneys' fee award equal to one third of the total statutory damage award to be reasonable in this case.[2] *See* Mot. 25; *J & J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A–13–CA–824–SS, 2014 WL 1092177, at *3 (W.D. Tex. Mar. 19, 2014); *Innovative Sports Mgmt., Inc. v. Mazatlan Enters., LLC*, No. A13–CA–785–SS, 2014 WL 808075, at *3 (W.D. Tex. Feb. 28, 2014). The Court accordingly awards Plaintiff $2,400.00 in attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff also requests "reasonable attorneys' fees for post-trial and appellate services in the event Defendants fail to voluntarily pay the judgment." *Id*. Granting such an award at this juncture would be premature, but Plaintiff is free to request such an award when and if it incurs any such fees. *See On the Rocks*, 2012 WL 3129137, at *4 (citing *Kingvision Pay–Per–View,*

---

[2] The Court notes that it generally calculates the fee award using the attorney's hourly rate, rather than one-third of the statutory damage award, because the latter approach often results in excessive awards. *See J & J Sports Prods., Inc. v. Molinar*, No. EP–13–CV–301–KC, 2014 WL 1333256, at *4 (W.D. Tex. Apr. 1, 2014); *On the Rocks*, 2012 WL 3129137, at *4. In this case, however, the one-third method produces the more reasonable result.

*Ltd. v. Guerrero*, No. 3:08–CV–1970–G (BF), 2009 WL 1973285, at *5 (N.D. Tex. July 7, 2009); *Nat'l Satellite Sports, Inc. v. Garcia*, No. Civ. A 301–CV–1799D, 2003 WL 21448375, at *3 (N.D. Tex. June 18, 2003)).

Plaintiff is also entitled to its full costs. *See On the Rocks*, 2012 WL 3129137, at *2 (citing 47 U.S.C. § 605(e)(3)(B)(iii)). Defendants shall therefore pay to Plaintiff an award of costs to be determined pursuant to the procedure specified in W.D. Tex. L.R. CV-54, which requires Plaintiff to "prepare and file a proposed bill of costs no later than 14 days after the entry of judgment" and serve its proposed bill upon Defendants. *See* W.D. Tex. L.R. CV-54.

The Court also awards post-judgment interest, which shall be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Such interest shall be computed and compounded in the manner specified by 28 U.S.C. § 1961(b).

### E.     Plaintiff's Request for Injunctive Relief

Plaintiff also requests that the Court enter "[a] permanent injunction that enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the [FCA]." Mot. 25. For the following reasons, the Court denies this request.

47 U.S.C. § 605(e)(3)(B)(i) permits a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of" the FCA. 47 U.S.C. § 605(e)(3)(B)(i). *Accord J & J Sports Prods., Inc. v. El 33, LLC*, No. EP–11–CV–519–KC, 2013 WL 164521, at *6 (W.D. Tex. Jan. 14, 2013). "An injunction, however, is an 'extraordinary remedy' that should only be granted if Plaintiff suffered an irreparable injury and the legal remedies available are inadequate." *El 33*, 2013 WL 164521, at *6 (quoting *Weinberger v.*

8

*Romero-Barcelo*, 456 U.S. 305, 312-13 (1982)). "An irreparable injury is defined as one for which an injured party cannot be compensated by monetary damages." *Id*. (citing *Molex, Inc. v. Nolan*, 759 F.2d 474, 477 (5th Cir. 1985)).

This and other courts generally deny injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) in cases like this one on the ground that the plaintiff has "failed to affirmatively demonstrate a need for this extraordinary remedy." *Id*. (citing *J & J Sports Prods. Inc. v. Delfino Martinez*, No. 3:11-CV-457, at *11 (W.D. Tex. July 2, 2012); *J & J Sports Prods. Inc. v. Lopez*, No. 05–CV–5799, 2006 WL 2355851, at * 5 (E.D.N.Y. June 8, 2006), *adopted by* No. 05–CV–5799, 2006 WL 2375494 (E.D.N.Y. Aug.14, 2006)). Plaintiffs have failed to demonstrate that the statutory and enhanced damages awarded by the Court are insufficient to fully compensate Plaintiff and deter Defendants from further violations. *See* Mot. 8-25; *El 33*, 2013 WL 164521, at *6 (citing *FDIC v. Faulker*, 991 F.2d 262, 265 (5th Cir. 1993); *Delfino Martinez*, No. 3:11-CV-457, at *11). Moreover, because "the only function of th[e requested] injunction would be to prevent Defendants from engaging in further illegal activity," the injunction would "be redundant with the FCA's existing prohibitions," and "[t]here is no need to order an entirely redundant remedy of this kind." *El 33*, 2013 WL 164521, at *7 (citing *Delfino Martinez*, No. 3:11-CV-457, at *11-12). The Court accordingly declines to grant Plaintiff a permanent injunction. *See id*. at *6-7.

### III.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion, ECF No. 17, in part. Defendants shall pay Plaintiff:

(1)   $3,600.00 in statutory compensatory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); plus

(2)   $3,600.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); plus

(3)     $2,400.00 in reasonable attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii);

for a total of $9,600.00. Defendants shall also pay to Plaintiff an award of costs to be determined pursuant to the procedure specified in W.D. Tex. L.R. CV-54.

**IT IS FURTHER ORDERED** that Defendants shall pay post-judgment interest, to be calculated and compounded pursuant to 28 U.S.C. § 1961, until paid in full.

**IT IS FURTHER ORDERED** that the Clerk shall close the Case.

**SO ORDERED**.

**SIGNED** this 1st day of May, 2014.

*/s/ Kathleen Cardone*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE